STATE OF MAINE

KENNEBEC, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-98-220
SKS- KEN-9/6/2000

ALICE SWIRIDOWSKY,

    Plaintiff

v.

KENNEBEC MENTAL HEALTH
ASSOCIATION, d/b/a KENNEBEC
VALLEY MENTAL HEALTH CENTER,

    Defendant

DECISION AND JUDGMENT

This matter came on for trial before the court without a jury on the plaintiff's three-count complaint. The court has fully considered all of the testimonial and other evidence presented at trial, plus the parties' subsequent briefs and responses. Judgment will be entered for the plaintiff.

## Facts

On August 27, 1996, the plaintiff, who was a patient of the defendant, fell while attempting to negotiate an exterior stairwell to access the Day Center Program located in the basement of the defendant's Waterville facility. The plaintiff was using crutches due to a seizure earlier that year, which may have been part of the cause of the accident. Another factor in the fall appears to be that the plaintiff was distracted when someone spoke to her, probably a staff member calling to offer assistance. The plaintiff suffered abrasions on her lower back, left arm, the side of her head, and complained of increased back pain. The parties stipulated that the

1

plaintiff had a disability for purposes of the Americans With Disabilities Act (ADA) and the Rehabilitation Act (29 U.S.C. § 794).

The defendant is a corporation providing mental health treatment and services to the public through several facilities located in the mid-Maine area. As such, the defendant is a "place of public accommodation" within the meaning of the Maine Human Rights Act (MHRA) and, since it receives Medicare and Medicaid payments from the federal government, it operates a "program or activity" for purposes of the Rehabilitation Act. The Day Treatment Program was begun in the basement of the defendant's Waterville facility sometime in 1992. At least as early as February of 1994, the defendant was aware that access to the basement was not in compliance with the access requirements of the ADA, which was one of three priority issues which required attention to bring the facility into compliance. The December 5, 1994 meeting of the defendant's buildings and grounds committee included discussion of ADA compliance and a list of projects for consideration for the following year. The same committee "[A]lso discussed issues of ADA compliance, particularly in Waterville downstairs." at their April 4, 1995 meeting. The minutes of the meeting of the defendant's board of directors on May 30, 1995, includes the comment, "it appears to be a good time to invest in capital expenditures with a significant budget surplus projected in the impending imposition of Managed Care on the mental health system in Maine. A computerized record system is under consideration. So too are capital improvements to the Waterville building."

In November of 1995, a formal, detailed proposal for relocating the Day Treatment Program from the basement to the accessible first floor of the building was presented to the executive director. ADA requirements continued to be a subject for discussion by the building and grounds committee, including the meeting of July 23, 1996, which reflects a complaint made by the plaintiff concerning accessibility. Relocating the program became a higher priority. The program was relocated in November of 1996 at a cost of approximately $1,700 and two days of effort by two staff members.

At the time that the plaintiff first made her complaint about access to the program in July of 1996, members of the staff met with her and discussed ways of alleviating her concern. What resulted was a protocol whereby the plaintiff would report to the receptionist on the first floor when arriving for her program and a staff member from the program would be called to assist her down the stairs. The exact form of the assistance is not specified, but probably was to be in the nature of guiding or supporting the plaintiff. It is unclear whether the staff members were trained for this assistance. When the plaintiff arrived at the Waterville facility on August 27, 1996, she did not report to the receptionist -- who was present -- but went straight to the exterior stairway and attempted to descend on her own. The plaintiff subsequently indicated that she was concerned about injuring a staff member if there were a fall while the staff member was assisting and that she preferred to descend the stairs on her own.

A part of the plaintiff's prayer for relief seeks damages for her medical bills

3

and pain and suffering. Any analysis of causation and damages as the result of the plaintiff's fall is complicated by her complex medical history both before and after that incident. The court will limit its findings to those events which involved the plaintiff's back and leg, since those are the primary complaints brought forward in the suit. In 1987, the plaintiff suffered a burst fracture of the L-V vertebrae when a horse fell on her in a riding accident. In 1989, the plaintiff underwent fusion surgery which was not successful. In March of 1996, the plaintiff suffered nerve damage to her right leg and recurring pain, which resulted in the use of crutches in August. In April of 1996, the plaintiff reported several weeks of back pain following a motor vehicle incident. The fall in question occurred on August 27, 1996. In June of 1997, plaintiff's physician diagnosed a low back sprain brought on by excessive exercise. In April of 1998, the plaintiff had a second back operation to treat lower back pain. In July of 1998, the plaintiff was involved in a motor vehicle accident, followed by another motor vehicle accident in April of 1999, in which she suffered back pain.

## Discussion

Before addressing the specific counts of the complaint, the court will lay to rest the plaintiff's argument that collateral estoppel bars relitigation of issues concerning section 504 of the Rehabilitation Act and the MHRA. This argument is based upon the decision by the Department of Mental Health, Mental Retardation and Substance Abuse Services that the defendant committed a licensing deficiency related to the plaintiff's fall. The court finds that this decision by the Department

4

was not in a judicial capacity, concerned different issues, and the plaintiff was not a party. Therefore, the court concludes that the Department's action does not require application of collateral estoppel.

With regard to counts I and III of the amended complaint, after reviewing all of the evidence, the court concludes that the defendant did violate both the Maine Human Rights Act and section 504 of the Rehabilitation Act. This finding is based upon the court's other findings as follows:

(1)     The defendant was subject the provisions of both statutes.

(2)     The defendant was aware at least two and half years prior to the plaintiff's fall that the lower level of the Waterville building was out of compliance for offering programs because it did not meet the standards for access set forth in applicable statutes and regulations.

(3)     The defendant had both a plan and the means to bring the program location or building into compliance at times prior to the plaintiff's fall. The changes involved were readily achievable, but did not occur.

(4)     When the plaintiff ultimately did complain about access to the lower level program, the defendant's response was sincere but not sufficient for purposes of the statutes.

Having found the violations, the plaintiff is entitled to declaratory relief, injunctive relief, and her attorney's fees and costs. However, the court concludes that the plaintiff is not entitled to compensatory damages solely on the basis of the violation of the statutes. There is some indication in federal juris prudence that the

5

"a full panoply of legal remedies are available" for intentional violations of section 504. *Pandazides v. Virginia Board of Education*, 13 F.3d 823, 830 (4th Cir. 1994). However, to the court's knowledge creation of a new statutory cause of action for compensatory damages has not been recognized in Maine. The court's conclusions that the plaintiff is not entitled to compensatory damages on counts I and III does not mean, however, that the defendant's violation of the accessibility requirements cannot be considered along with all of the other evidence for the purpose of determining whether the defendant was negligent, as claimed in count II.

Count II of the amended complaint is the plaintiff's common law negligence claim. The defendant argues that the plaintiff was a business invitee and the defendant's duty was one of reasonable care in providing reasonably safe premises for the plaintiff's use. As stated by the defendant, "a defendant is required to use ordinary care to ensure that its premises are reasonably safe for the plaintiff, guarding her against all reasonably foreseeable dangers in light of the totality of the circumstances." *Libby v. Perry*, 311 A.2d 527, 536 (Me. 1973); *Isaacson v. Husson College*, 297 A.2d 98, 104-105 (Me. 1992). The court has considered the defendant's violation of statutes designed to ensure access to programs and public accommodations to all, including those with disabilities, for purposes of determining what degree of care is reasonable and ordinary considering all of the circumstances. In other words, the statutory violations do not create a new duty or change the standard with regard to determining whether there has been negligence, but instead provide the context for considering what care should have been taken.

6

As stated above, the defendant knew access to the lower level was substandard for clients with certain disabilities, had failed to bring access into compliance when it was readily achievable, knew that the plaintiff had such disability and was having trouble, and did not provide a satisfactory alternative solution. The danger of a fall on the steps by a client with the plaintiff's disability was reasonably foreseeable and the defendant's failure to provide appropriate access was not reasonable. This breach was also causally related to the plaintiff's injury and damages. Therefore, the court finds that the defendant was negligent.

Having determined that the defendant was negligent, the court reviewed all of the evidence to determine whether the plaintiff was also negligent and finds that she was. The protocol established by the defendant specifically to assist the plaintiff may not have been sufficient to cure its own negligence, but the plaintiff's failure to use the plan for whatever benefit it could have given was itself negligent. The plaintiff's negligence was less than that of the defendant in comparative terms, but will be considered as contributory negligence in calculating damages.

On the count II negligence claim, the plaintiff is entitled compensation for past and future medical expenses attributable to the injury and for her pain and suffering and loss of enjoyment of life. The plaintiff presented no evidence of loss of earning capacity or evidence of quantifiable permanent impairment. The plaintiff's medical expenses since August 27, 1996, have been extensive, mostly relating to back surgery in April of 1998. Some, but not all of the medical care, is attributable to the August 1997 fall. After considering all of these factors, the court

finds the plaintiff's compensatory damages under count II of her complaint to be $40,000, reduced as the result of her contributory negligence to $25,000.

The plaintiff also seeks civil penal damages under the Maine Human Rights Act (5 M.R.S.A. § 4613) and punitive damages under section 504. In this regard, the court concludes that the evidence, though indicating that the defendant did violate the statutes, does not establish the type of malice or reckless indifference that would lead the court to award such damages.

For the reasons stated above, the entry will be:

> Judgment for the plaintiff on counts I and III. The defendant is declared to have violated the Maine Human Rights Act and section 504 of the Rehabilitation Act. The defendant is enjoined from any continuing violation of the plaintiff rights as established by those statutes. The plaintiff is awarded her reasonable attorney's fees and costs. Judgment for the plaintiff on count II and she is awarded damages in the amount of $25,000 plus interest.

Dated: September 5 , 2000

S. Kirk Studstrup
Justice, Superior Court

8

Date Filed __8/27/98__ _____Kennebec_____ Docket No. __CV98-220__
County

Action ___Property negligence_____

# J. STUDSTRUP

|  | | Kennebec Mental Health Assn d/b/a |
|---|---|---|
| Alice Swiridowsky | VS. | Kennebec Valley Mental Health Center |

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| John P. Gause, Esq.<br>129 Lisbon St<br>PO Box 961<br>Lewiston Me 04243 | Matthew J. LaMourie, Esq.<br>One City Center<br>P.O. Box 9546<br>Portland, Maine 04112-9546 |

DONALD L. GARBRECHT
LAW LIBRARY

SEP 11 2000

| Date of Entry | |
|---|---|
| 8/27/98 | Complaint filed. s/Gause,Esq.<br>PT scheduling statement mailed to Atty. |
| 11/16/98 | Plaintiffs first amended complaint filed. s/Gause,Esq. |
| 11/20/98 | Acceptance of service filed. s/LaMourie,Esq. |
| 12/8/98 | Defendant's Answer to Plaintiff's First Amended Complaint, filed. s/LaMourie, Esq. |
| 12/22/98 | Pretrial Scheduling Statement, filed. s/Gause, Esq. |
| 12/29/98 | EXPEDITED PRETRIAL ORDER, Marden, J.<br>Discovery to be closed by 10/1/99. This case will be placed on the non jury trial list 30 days after close of discovery. This Order is incorporated into the docket at the specific direction of the court.<br>Copies mailed to attys of record. |
| 1/4/98 | Notification of Discovery Service, filed. s/Gause, Esq.<br>Plaintiff's Interrogatories Propounded to Defendant and Plaintiff's Request for Production of Documents Propounded to Defendant served on Matthew J. LaMourie, Esq. on 12/31/98 |
| 3/19/99 | Plaintiffs motion for leave to amend complaint (M.R. Civ,P. 15(a)) filed. s/Gause,Esq.<br>Plaintiffs second amended complaint filed. s/Gause,Esq.<br>Proposed order on plaintiffs motion for leave to amend complaint filed. |
| 5/18/99 | Defendants answer to plaintiffs second amended complaint filed. s/LaMourie Esq |
| 7/29/99 | Letter requesting a hearing, plaintiff seeking order to compel the defendant to answer the plaintiffs interrogatories filed. s/Gause,Esq. |